```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                        NORTHEASTERN DIVISION
```

FILED
00 NOV 14 PM 3:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES W. BROWN and BRENDA G. )
BROWN,                        )
                              )
    Plaintiffs,               )
                              )
vs.                           ) Civil Action No. CV-00-S-1074-NE
                              )
OAKWOOD MOBILE HOMES, INC.,   )
OAKWOOD ACCEPTANCE CORPORATION, )
                              )
    Defendants.               )

ENTERED
NOV 14 2000

## MEMORANDUM OPINION

Plaintiffs, James and Brenda Brown, initiated this action in the Circuit Court of Limestone County, Alabama, on April 6, 2000. Their complaint contains claims for fraud, breach of contract, and violations of the federal Truth in Lending Act, 15 U.S.C. § 1640 *et seq.*,[1] as well as prayers for temporary, preliminary, and permanent injunctive relief. All claims arose out of plaintiffs' purchase of

---

[1] The allegations pertaining to plaintiffs' Truth in Lending Act claim are as follows:

> In August of 1998 the Defendants and the Plaintiffs closed the financial arrangement [the purchase of a manufactured home] and the mobile home was moved onto the land of the Plaintiffs. The Defendants failed to provide to the Plaintiffs the information and papers as required by law at the closing including but not limited to notice of recission aand other facts required by the Truth in Lending Act.  ...

Complaint ¶ 7; *see also id.* ¶ 12, providing:

> At the closing of the above stated financing agreement, the Defendants failed to inform the Plaintiffs that because the financing agreement included financing of their homestead, that under federal law they had three (3) days to rescind this agreement. The Defendants failed to furnish other pertinent information as required by law."



a manufactured home from defendant Oakwood Mobile Homes, Inc. The purchase money for the home was loaned to plaintiffs by defendant Oakwood Acceptance Corporation. Defendants removed the action to this court on April 25, 2000, asserting federal question jurisdiction over plaintiffs' Truth in Lending Act claim, and supplemental jurisdiction over their remaining state law claims. *See* 28 U.S.C. §§ 1331, 1367.

Significantly, however, the statute of limitations for a civil action for damages based upon a violation of the Truth in Lending Act's recission notice requirements[2] is but "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).[3] And in that regard, the last date upon which any document relating to the purchase or financing of plaintiffs' manufactured home was executed was August 31, 1998:[4] that is, one year, six months, and six days before plaintiffs filed this action in the Circuit Court of Limestone County, Alabama. Clearly, therefore, plaintiffs' Truth in Lending Act claim was barred on the date they instituted this action and, as such, it is due to be dismissed *sua sponte*.

---

[2] *See* note 1 *supra*; *see also* 15 U.S.C. §§ 1635, 1640.

[3] 15 U.S.C. § 1640(e) provides:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, <u>within one year from the date of the occurrence of the violation</u>.

[Emphasis supplied.]

[4] *See* Promissory note and mortgage attached as Exhibits B and C, respectively, to defendants' motion to compel payments (doc. no. 18).

With the dismissal of that claim, however, this court loses subject matter jurisdiction. In cases such as this one, where the court's jurisdiction is invoked by the removing parties solely upon the basis of an alleged federal question, the district court has discretion to entertain state claims that are pendent (or supplemental) to the federal claim. *See* 28 U.S.C. § 1367(a). The district court may, nevertheless, decline to exercise supplemental jurisdiction when:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). As the Supreme Court has observed:

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant state-law claims. When the balance of these factors indicates that a case properly belongs in state court, <u>as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain</u>, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50, 108

3

S.Ct. 614, 618, 98 L.Ed.2d 720 (1988) (emphasis supplied) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7, 108 S.Ct. at 619 n.7; *see also L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (stating that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims").

Here, plaintiffs' lone federal claim has been dismissed at an early stage in the litigation, and only state law claims remain. In the opinion of this court, state law issues are best resolved in state forums. Accordingly, the action is due to be remanded to the Circuit Court of Limestone County, Alabama. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 14th day of November, 2000.

_____
United States District Judge